UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SARA CLIFFORD,

    Plaintiff,

v.                                                  CASE NO.: 8:10-cv-1957-T-23EAJ

R-MOTELS, INC., d/b/a Ramada Inn
Bayside, NEWPORT PROGRESSIVE
BUSINESS, LLC, and NASEER A.
SHAIKH,

    Defendants.
_____/

## **ORDER**

      The plaintiff sued (Doc. 2) in state court for alleged violations of state and federal law arising from (1) alleged sexual harassment by the defendant Naseer Shaikh and (2) the defendants' failure to pay overtime compensation as required by the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201, et seq.  The defendants remove (Doc. 1) based on the FLSA claim and move (Doc. 4) to dismiss counts one, two, and three.  The plaintiff responds (Doc. 6) in opposition.

### Allegations of the Complaint

      The plaintiff worked as receptionist and bartender at the Ramada Inn Bayside, a business owned by the defendants.  Throughout the plaintiff's employment, the defendant Shaikh engaged in inappropriate conduct toward the plaintiff, which conduct included (1) "grabbing, touching[,] and kissing the [p]laintiff against her will"; (2) placing his hands around her neck and looking down her blouse; (3) providing "unwelcome comments of a sexual nature," invitations, and requests for dates and for acts of a

sexual nature; and (4) telling the plaintiff to leave "'her poor American husband.'"  The plaintiff complained several times about Shaikh's conduct.  On July 25, 2010, Shaikh (1) invited the plaintiff on a trip to Europe (which the plaintiff refused) and (2) grabbed the plaintiff and "kissed her gainst her will and said 'you are a nasty girl.'"  The plaintiff reported the incident both to the manager and to the director of administrative matters, who is Shaikh's wife.  In response, the defendants told the plaintiff to "start looking for another job."  On July 28, 2010, the plaintiff was again admonished to leave voluntarily because "they could not keep . . . Shaikh away from her."  The plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") and the Florida Commission on Human Rights (the "FCHR").  In this action, the plaintiff asserts a claim (1) for assault and battery (count one); (2) for negligent retention and supervision (count two); and (3) for a violation of the Florida Private Whistleblower Act (the "Whistleblower Act"), Section 448.101-.105, Florida Statutes (count three).

## Discussion

*1. Exclusion of Counts One and Two*
*Under the Workers' Compensation Statute*

The defendants argue that Florida's Workers' Compensation law, Section 440.11, Florida Statutes, provides the exclusive remedy for damages sustained by an employee in the workplace and bars a common law tort claim.  Byrd v. Richardson-Greenshields Securities, Inc., 552 So. 2d 1099, 1102-04 (Fla. 1989), holds that:

> In light of this overwhelming public policy, we cannot say that the exclusivity rule of the workers' compensation statute should exist to shield an employer from all tort liability based on incidents of sexual harassment. The clear public policy emanating from federal and Florida law holds that an employer is charged with maintaining a

> workplace free from sexual harassment. Applying the exclusivity rule of workers' compensation to preclude any and all tort liability effectively would abrogate this policy, undermine the Florida Human Rights Act, and flout Title VII of the Civil Rights Act of 1964.
>
> This, we cannot condone. Public policy now requires that employers be held accountable in tort for the sexually harassing environments they permit to exist, whether the tort claim is premised on a remedial statute or on the common law.

In arguing for dismissal, the defendants rely primarily on Doe v. Footstar Corp., 980 So. 2d 1266 (Fla. 2nd DCA 2008). In Footstar, the guardians of a minor claimed that the manager of a store in which the minor worked "assaulted and sexually battered [the minor] in the course and scope of his employment with Footstar." The guardians stipulated that the complaint stated no claim "either for sexual harassment or for a 'Byrd cause of action,' or even federal or statutory causes of action." Accordingly, Footstar holds that the workers' compensation statute bars the claims for assault and battery.

In this action, Byrd and not Footstar controls. Counts one and two undoubtedly arise from alleged incidents of sexual harassment in the workplace. Thus, Byrd permits the plaintiff's tort claims for assault, battery, and negligent retention and supervision.

### 2. Title VII and the Whistleblower Act

The defendants argue that the anti-retaliation provision of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), preempts a claim under the Whistleblower Act. However, the prevailing interpretation of Title VII's impact on Florida civil rights statutes states (1) that a claim under either the Whistleblower Act or the FCRA receives the same construction as a claim under Title VII and (2) that the Whistleblower Act provides an additional state law remedy for a "retaliatory firing" redressible under the

FCRA or Title VII.  See Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 950 (11th Cir. 2000); see also Jones v. United Space Alliance, L.L.C., 494 F.3d 1306, 1310 (11th Cir. 2007); Rivera v. Torfino Enter., Inc., 914 So. 2d 1087, 1090 (Fla. 4th DCA 2005) (finding that the FCRA and the Whistleblower Act protect against retaliation and "provide dual remedies" in a civil rights action).

## Conclusion

Accordingly, the defendants' motion (Doc. 4) to dismiss counts one, two, and three is **DENIED**.

ORDERED in Tampa, Florida, on October 8, 2010.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE